**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY WHITEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-CV-00023 RHH |
| | ) | |
| CAPE COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Self-represented plaintiff Jeffrey White, an inmate at Cape Girardeau County Jail, filed this civil rights action on January 29, 2025. [ECF No. 1]. Plaintiff, however, neither paid the $405 Court filing fee nor filed a motion to proceed without prepayment of fees or costs. Plaintiff must do one or the other for this case to proceed. *See* E.D. Mo. L.R. 2.01(B)(1). If plaintiff files a motion seeking leave to commence this action without prepaying fees or costs, he must also file a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). Plaintiff's failure to timely pay the filing fee or file a motion seeking leave to commence this action without payment of fees or costs may result in the dismissal of this case, without prejudice and without further notice.

Additionally, plaintiff's initial filing is deficient as set forth below. Plaintiff sues "Cape County" for "excessive cash bond." However, plaintiff does not attribute this alleged unlawful action to the named defendant. *See Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). Furthermore, to the extent plaintiff is attempting to set

forth a custom or policy argument against Cape Girardeau County, he has failed to allege such a claim. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights)

Because plaintiff is pro se*,* the Court will allow him to amend his pleading. Plaintiff should bear in mind that an amended complaint will entirely replace the original complaint, so he must include every claim he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims not included in the amended complaint will be deemed abandoned and will not be considered. *Id.* Plaintiff is further advised that the allegations in the amended complaint may not be conclusory. Plaintiff must plead facts that show how each defendant is personally involved in or directly responsible for the alleged harm. If plaintiff wishes to sue a defendant in his or her individual capacity, plaintiff must specifically say so in the amended complaint. If plaintiff fails to file an amended complaint on the Court's form within 21 days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall, **within 21 days of the date of this Memorandum and Order** either (1) pay the filing $405 filing fee or (2) file a motion to proceed without prepaying fees and costs.

**IT IS FURTHER ORDERED** that **within 21 days of the date of this Memorandum and Order**, plaintiff shall file an amended complaint on a Court-provided complaint form.

2

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff with a copy of the Court-provided form for filing a prisoner civil rights complaint, as well as a copies of the Court-provided form for seeking leave to proceed without prepaying fees and costs.

**IT IS FINALLY ORDERED** that if plaintiff fails to comply with this Order, this matter will be **DISMISSED**, without prejudice.

Dated this 6th day of February, 2025.

_____

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE